# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **HENRY R. ROZYCKI,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|       v. | )    No. 10 C 8000 |
| | ) |
| **SOPHOS INC.,** | ) |
| | ) |
|       **Defendant.** | ) |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Sophos Inc.'s (Sophos) partial motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted and the remaining state law claim is dismissed without prejudice.

### BACKGROUND

Plaintiff Henry R. Rozycki (Rozycki) allegedly began working for Utimaco, Inc. (Utimaco) in July 2008 as an Account Manager and transferred into employment at Sophos when Sophos purchased Utimaco. Rozycki contends that he was subjected

to the highest quota requirements and was treated differently because of his age. Rozycki also contends that his supervisor, Craig Bumpus (Bumpus), commented that Sophos had a preference for hiring young salespeople. Bumpus allegedly sent e-mails indicating a preference for a "less experienced" workforce with "high energy." (Compl. Par. 11). Rozycki contends that on November 6, 2009, Bumpus told Rozycki: "we can do this the easy way or the hard way." (Compl. Par. 14). Rozycki asserts that Bumpus meant that Rozycki could either resign or he would be fired. Rozycki claims that he was constructively discharged because of his age and was forced to resign in November 2009. Rozycki also claims that on the day of his resignation, Bumpus informed him that a major account had been reassigned to a younger salesperson, who would receive credit for a $440,000 order and receive commissions that Rozycki contends should have been received by Rozycki. Rozycki includes in his complaint a claim alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* (Count I), and a claim alleging a violation of the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 *et seq.* (Count II). Sophos moved for summary judgment on the ADEA claim before another judge, and on March 21, 2012, the instant action was reassigned to the undersigned judge.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I.  ADEA Claim

Sophos contends that the ADEA claim is untimely, arguing that Rozycki was provided with notice by the Equal Employment Opportunity Commission (EEOC) in June 2010 that Rozycki's EEOC charge was dismissed and that Rozycki failed to bring the instant action within the limitations period.  A plaintiff seeking to bring an ADEA claim must bring the claim "within 90 days from the date the EEOC gives notice of the right to sue." *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999); 29 U.S.C. § 626(e).  It is undisputed that Rozycki filed a charge with the EEOC on March 16, 2010.  (R SF Par. 8).  It is also undisputed that on May 6, 2010, Rozycki's attorney, Michael S. Booher (Booher), who is also representing Rozycki in the instant action, filed a notice of appearance with the EEOC.  (R SF Par. 9). Sophos has also pointed to evidence showing that on June 4, 2010, the EEOC investigator recommended that Rozycki's charge of discrimination be dismissed, and that on June 7, 2010, the EEOC accepted the recommendation of dismissal and issued a formal Dismissal and Notice of Rights, which was sent by certified mail to Booher on the same day.  (SF Par.  11-12).  Sophos has also pointed to evidence that, according to the United States Post Office tracking system, the Dismissal and Notice

of Rights was successfully delivered to Booher at 11:26 a.m. on June 9, 2010. (SF Par. 13). Rozycki now claims that neither he nor Booher ever received notice of the Dismissal and Notice of Rights until October 2010. However, pursuant to Local Rule 56.1, Rozycki has failed to show that there is a genuine dispute as to the facts asserted by Sophos.

Pursuant to Local Rule 56.1, when a party files a motion for summary judgment, each party must prepare a statement of material facts and each party is required to respond to the opposing party's statement of material facts and either admit or deny each fact. LR 56.1. Local Rule 56.1 provides that the non-movant must respond to each numbered paragraph in the movant's statement of facts, and "in the case of any disagreement," the response must include "specific references to the affidavits, parts of the record, and other supporting materials relied upon. . . ." LR 56.1; *see also Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003)(indicating that a denial is improper if the denial is not accompanied by specific references to the record); *Malec v. Sanford*, 191 F.R.D. 581, 584-85 (N.D. Ill. 2000)(indicating that a general denial without supporting citations is insufficient). The Seventh Circuit has made clear that "district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings," such as Local Rule 56.1. *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir.

2011); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006)(indicating that the Court has "held that district courts are entitled to expect strict compliance with Local Rule 56.1"); *Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002)(noting that the Court has "consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment")(internal quotations omitted)(quoting *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000)).

 If Rozycki desired to properly dispute the facts asserted by Sophos concerning when Rozycki received notice of the Dismissal and Notice of Rights, then, pursuant to Local Rule 56.1, it was incumbent upon Rozycki to cite to the portions of the record that Rozycki relied upon to show that the facts are disputed. LR 56.1. In response to Sophos' statement of material facts paragraphs 11 through 13, Rozycki indicates that he disputes certain facts. (R SF Par. 11-13). However, Rozycki fails to provide any citations to the record to support such denials, and thus has failed to comply with Local Rule 56.1. (R SF Par. 11-13). Rozycki also asserts that he "lacks sufficient information to either admit or deny" certain allegations in Sophos' statement of material facts. (R SF. Par. 11-13). While such a response would be appropriate under the Federal Rules of Civil Procedure when responding to the allegations in a complaint, such a response is not an option under Local Rule 56.1.

LR 56.1. Pursuant to Local Rule 56.1, a non-movant must either admit or deny the asserted facts, and if denying facts, must cite to the portion of the record that supports that denial. Evasive denials indicating a non-movant's reluctance to commit in the affirmative or negative do not comply with Local Rule 56.1. *Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003). Rozycki has not offered any explanation as to why his attorney did not receive the Dismissal and Notice of Rights, and Sophos has pointed to evidence indicating that other documents mailed in the same manner by the EEOC to the same address were received. Thus, the undisputed evidence, pursuant to Local Rule 56.1, indicates that Rozycki received, through his attorney, actual notice of the Dismissal and Notice of Rights in June 2010, and that Rozycki did not file the instant action until December 2010, well after the 90-day limitations period expired.

Rozycki has also not provided justification for equitable tolling of the limitations period. The Seventh Circuit has explained that the limitations periods for employment discrimination statutes such as the ADEA serve to "limit the employer's uncertainty about the composition of his work force and his exposure to claims for backpay, which would continue to mount up until the judgment if the plaintiff could not find an equivalent job; and to facilitate reinstatement." *Knutson v. UGS Corp.*, 526 F.3d 339, 341 (7th Cir. 2008). There must be finality for employers as to

7

potential liability they face from former employees, and the policy underlying the ADEA limitations period would have little meaning if a plaintiff could circumvent the 90-day limitations period merely by asserting in a conclusory fashion that he never received a piece of mail that the postal tracking system indicates was delivered to his attorney. *See Bobbitt v. Freeman Companies*, 268 F.3d 535, 538 (7th Cir. 2001)(stating as to the 90-day limitation period in a Tile VII case that "[t]he law presumes timely delivery of a properly addressed piece of mail"). The record reflects that Rozycki had ample time after June 2010 to pursue a timely action against Sophos under the ADEA, but that Rozycki did not avail himself of that opportunity.

    The court also notes that the record reflects that during discovery, Sophos requested that Booher produce documentation of his mail handling procedures, logs of incoming mail, and any docketing system used to calculate due dates, and that Booher failed to produce any such information. For example, in response to the request for "all logs of incoming mail," Booher responded only vaguely with "N/A." (S Supp. Ex. Q Par. 26). Booher did not specifically avow whether he ever possessed such logs or whether such logs had existed or that they no longer existed for some reason. Sophos also points out that, in response to a request by Sophos for information from a docketing system used to keep track of due dates in cases, Booher

8

declined to produce the information, contending that it was privileged information. (S Supp. Ex. Q Par. 29). However, Booher never indicated why any privileged information in such records could not be redacted and produced to Sophos. Thus, although it appears that there may be relevant information in the possession of Booher that would shed additional light on the issue of whether Booher received the Dismissal and Notice of Rights, Booher has not produced such evidence for consideration by Sophos or this court.

    Booher has filed a self-serving affidavit claiming that sometime between June 2010 and October 2010, he left "numerous voice mail messages" with the EEOC. (Booher Aff. Par. 9). However, there is no indication that Booher produced his phone records during discovery, and he has not provided such evidence in support of the opposition to the instant motion. Nor has Booher provided any specific information concerning the dates of such "numerous" calls. On the other hand, aside from Booher's vague self-serving statements as to "numerous" calls made to the EEOC, Sophos has pointed to evidence showing that the EEOC kept a record of contacts with Booher and such records show that there was not any contact from Booher until October 20, 2010. (R SAF Par. 11). Based on the undisputed record, Rozycki was served through counsel with the Dismissal and Notice of Rights and now, after the fact, Rozycki has only advanced self-serving arguments. Therefore,

9

based on the above, the ADEA claim in this case is untimely, and Sophos' motion for summary judgment on the ADEA claim is granted.

II. Remaining State Law Claim

Having resolved the federal claim in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law IWPCA claim. Rozycki indicates in the complaint that the court has supplemental jurisdiction over the IWPCA claim. (Compl. Par. 5). Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction . . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court

has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law IWPCA claim. Such claim is therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Sophos' motion for summary judgment on the ADEA claim is granted and the remaining state law IWPCA claim is dismissed without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 2, 2012